ALTSCHUL'S, INCORPORATED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12317.   Promulgated October 15, 1947.

*Charles L. Kaufman, Esq.*, for the petitioner.
*George J. LeBlanc, Esq.*, for the respondent.

#### OPINION.

KERN, *Judge*: The Commissioner determined a deficiency in petitioner's excess profits tax for the fiscal year ended January 31, 1944, in the amount of $516.10.   The single question relates to the time for the accrual of the post-war refund provided by section 780 of the Internal Revenue Code.

The facts have been wholly stipulated, and we find them to be as stipulated.

Petitioner is a Virginia corporation, with its principal place of business at Norfolk.   It filed its excess profits tax return for its fiscal year ended January 31, 1944, with the collector of internal revenue for the district of Virginia.   It kept its books and accounts for that and preceding years on an accrual basis and its taxable net income for Federal tax purposes was computed on that basis.

In its income and excess profits tax returns for the fiscal year ended January 31, 1943, the year immediately preceding the tax year involved here, petitioner computed and reported an income tax liability in the amount of $5,732.93, and an excess profits tax liability of $73,921.94,

or a total of $79,654.87. These liabilities were recorded on petitioner's books as of January 31, 1943, pursuant to its accrual method of accounting. Payments were made thereon in quarterly installments on or about the fifteenth of April, July, and October 1943 and January 1944.

Petitioner also accrued as an asset on its books as of January 31, 1943, the post-war refund credit provided by section 780 of the Internal Revenue Code computed in the amount of $7,392.19.

In computing its excess profits credit for the fiscal year involved here, ended January 31, 1944, petitioner used the invested capital method. One of the elements of the excess profits credit was equity invested capital, which, in turn, included "accumulated earnings and profits." The amount of such accumulated earnings and profits, computed by petitioner, was $137,193.83, as of the beginning of the tax period under consideration. That figure was arrived at by deducting the liability for Federal income and excess profits taxes of $79,654.87 and accruing as of the same date as an asset the post-war refund credit of $7,392.19.

The Commissioner, upon examination of petitioner's income and excess profits tax returns for the fiscal year ended January 31, 1943, made certain downward adjustments to petitioner's tax liability as reported and determined the correct liability for excess profits tax to be $72,946.30, and for income tax, $5,725.22, a total of $78,671.52; and as a result thereof, determined the post-war refund credit to be $7,294.63. These adjustments were not and are not contested by the petitioner.

Upon examination of petitioner's income and excess profits tax returns for the fiscal year ended January 31, 1944, now under consideration, respondent made certain adjustments thereto which are not here disputed, and, in addition, eliminated from petitioner's "accumulated earnings and profits" the item accrued the year before as an asset representing the post-war refund credit. It is that action which gives rise to the narrow issue before us.

The respondent requires the accrual of the income and excess profits tax liability as of the end of the year in the computation of accumulated earnings and profits, but denies the right to accrue the post-war credit provided by the statute until actual payment of the taxes has been made, which normally is, and was here, during a subsequent year. In general, respondent's reasoning is that the amount of the credit is ascertainable only by reference to the "tax paid," and until there is a "tax paid" there can be no accrual of the credit.

It is petitioner's contention that the post-war credit is authorized by the same statute which imposes the tax, its amount is ascertainable at the same time the amount of the tax liability is ascertained and with approximately the same degree of accuracy, since the amount of the credit is percentaged on the amount of the tax. It is petitioner's

contention that to the same extent and for the same reasons justifying the accrual of the tax liability, which respondent requires, the simultaneous accrual of the post-war refund should also be allowed in order clearly and consistently to reflect its accounts for tax purposes.

The pertinent sections of the statute directly involved are sections 780 and 781 of the Internal Revenue Code, added by the Revenue Act of 1942, which read as follows:

SEC. 780. POST-WAR REFUND OF EXCESS PROFITS TAX.

(a) IN GENERAL.—The Secretary of the Treasury is authorized and directed to establish a credit to the account of each taxpayer subject to the tax imposed under this subchapter, for each taxable year ending after December 31, 1941 * * * and not beginning after December 31, 1943, of an amount equal to 10 per centum of the tax imposed under this subchapter for each such taxable year. For the purposes of this part, in the case of a taxpayer whose tax is determined under section 710 (a) (3), the term "tax imposed under this subchapter" means the portion of the tentative tax determined under section 710 (a) (3) (B).

\* \* \* \* \* \* \*

SEC. 781. SPECIAL RULES FOR APPLICATION OF SECTION 780.

\* \* \* \* \* \* \*

(d) LIMITATION.—The credit under section 780 (a) for any taxable year shall not be greater than the excess of the amount of the tax paid under this subchapter to the United States (and not credited or refunded under the internal revenue laws) in respect of such year over the amount of tax which would be payable to the United States if the excess profits tax rate were 81 per centum, or if the limitation of section 710 is applicable if the amount determined under such section were reduced by 10 per centum.

\* \* \* \* \* \* \*

Respondent has ruled in I. T. 3720, C. B. 1945, p. 267, to the same effect as the position which he maintains here, that the tax must be accrued as of the year in which the tax liability arises, but the credit may not be accrued until the tax is paid. This position seems to be premised on the language of section 781 (d), set out above.

Section 780 (a), as amended, provides the post-war credit to the account of each taxpayer "subject to the tax imposed under this subchapter * * * of an amount equal to 10 per centum of the tax imposed * * *." When the tax is "imposed" the taxpayer becomes entitled, under the statute, to the credit, and the limitation placed on the amount of the credit in section 781 (d) is only a limitation on the amount, and is not a condition precedent to the existence of the credit. The right to the credit arises upon the imposition of the tax; only the amount of the credit is in any way affected by the limitations contained in section 781 (d). Therefore, whenever the tax is accruable it follows that the credit is also properly accruable. Just as the amount of the tax liability may later be altered, so may the amount of the credit eventually allowed be different from that originally claimed; the amounts of both are, we think, reasonably ascertainable so as to be accruable for this purpose as of the close of the tax year.

700

That it was not the intention of Congress that the right to the credit be postponed until the taxes were paid appears not only from the language of the statute itself, but from a later statement by the Ways and Means Committee (Report, Revenue Act of 1943, p. 60) that "Since the post-war credit is tentatively determined on the basis of the excess profits tax shown on the return," provision was made for the adjustment upward or downward of the credit in the event of an upward or downward revision of the tax liability upon which it is based.

We therefore conclude the respondent erred in eliminating from petitioner's accumulated earnings and profits the item representing accrual of the post-war refund credit.

Reviewed by the Court.

*Decision will be entered under Rule 50.*